UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:16-cv-1032-JLS-KESx | Date: August 11, 2016 |
| Title: Rosario J. San Antonio, et al. v. Central Florida Investment, Inc., et al. | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                        Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING PLAINTIFFS' REQUEST FOR REASONABLE COSTS (Doc. 16)**

Before the Court is a Motion to Remand and Request for Reasonable Costs in the Sum of $6,000 filed by Plaintiffs Rosario J. San Antonio, Maria Grittman, Sarah P. Redito, and Federico Redito.  (Mot., Doc. 16.)  Defendants Central Florida Investment, Inc., Westgate Resorts Anaheim, LLC, Westgate Resorts, Westgate Planet Hollywood Las Vegas, LLC, Westgate Vacation Villas, LLC, Westgate Resorts, Inc., Westgate Resorts, Ltd., and Westgate Flamingo Bay, L.L.C. opposed.  (Opp., Doc. 23.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  Accordingly, the hearing set for August 12, 2016, at 2:30 p.m., is VACATED.  Having read and considered the parties' briefs, the Court GRANTS the Motion to Remand and DENIES the Request for Reasonable Costs.

**I.   BACKGROUND**

On April 12, 2016, Plaintiffs Rosario J. San Antonio, Maria Grittman, Sarah P. Redito, and Federico Redito filed a Complaint in the Superior Court of California in Orange County alleging several state-law claims arising out of timeshare purchase agreements entered into with Defendants Central Florida Investment, Inc., Westgate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:16-cv-1032-JLS-KESx                         Date: August 11, 2016
Title: Rosario J. San Antonio, et al. v. Central Florida Investment, Inc., et al.

Resorts Anaheim, LLC, Westgate Resorts, Westgate Planet Hollywood Las Vegas, LLC, Westgate Vacation Villas, LLC, Westgate Resorts, Inc., Westgate Resorts, Ltd., and Westgate Flamingo Bay, L.L.C. (Compl., Doc. 1-1.) The Complaint included one claim that referenced the Federal Fair Debt Collection Practices Act. (*Id.* ¶ 236.) Plaintiffs demanded compensatory and punitive damages, restitutionary relief, and attorneys' fees and costs, but they did not demand a specific sum. (*Id.* at 46–48.)[1]

On June 2, 2016, Defendants filed a Notice of Removal on the basis of federal question jurisdiction and removed the case to this Court. (Notice of Removal, Doc. 1.) Two weeks later, on June 16, 2016, Plaintiffs amended their Complaint to delete the claim that referenced the FDCPA. (First Amended Compl., Doc. 13.) The FAC reiterated the demand for compensatory and punitive damages, restitutionary relief, and attorneys' fees and costs, but it again did not demand a specific sum. (FAC at 43–45.)[2]

Plaintiffs now move to remand for lack of subject matter jurisdiction. (Mem. at 5–8, Doc. 16.)

## II. LEGAL STANDARD

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332. Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A federal court has federal question jurisdiction under 28 U.S.C. § 1331 if the action arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a). Section 1332 "requires complete

---

[1] This citation refers to the pages in Plaintiffs' Complaint that state Plaintiffs' demand for relief.

[2] This citation refers to the pages in Plaintiffs' FAC that state Plaintiffs' demand for relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:16-cv-1032-JLS-KESx | Date: August 11, 2016 |
| Title: Rosario J. San Antonio, et al. v. Central Florida Investment, Inc., et al. | |

diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Whether removal is proper is determined solely on the basis of the pleadings filed in state court, and any post-removal amendments to the pleadings do not affect whether a case was removable. *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (per curiam). Once a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice. *Id.* at 977.

However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Where removal is on the basis of diversity jurisdiction and "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $[75],000." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (quotation marks omitted)); *see also* 28 U.S.C. § 1446(c)(2)(B). Conclusory allegations as to the amount in controversy are insufficient. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003). Nor can a defendant establish the amount in controversy by "mere speculation and conjecture." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Rather, the defendant should "submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *See id.* (quoting *Singer*, 116 F.3d at 377) (quotation marks omitted).

A case will be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Although an order

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:16-cv-1032-JLS-KESx | Date: August 11, 2016 |
| Title: Rosario J. San Antonio, et al. v. Central Florida Investment, Inc., et al. | |

remanding the case may require payment of just costs and any actual expenses incurred as a result of the removal, 28 U.S.C. § 1447(c), "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal," *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

### III. DISCUSSION

In their Motion to Remand plaintiffs argue that, because they have deleted any reference to a federal cause of action in their FAC, there is no basis for federal question jurisdiction. Moreover, they contend, because the Defendants "have not plead any other possible federal question . . . nor complete diversity in their removal," they are barred from raising those bases now. (Mem. at 2.) In response, Defendants assert that Plaintiffs cannot "invalidate" proper removal by amending their pleading to eliminate federal question jurisdiction and that, even without federal question jurisdiction, diversity jurisdiction exists because the parties are diverse and the amount in controversy exceeds $75,000. (Opp. at 1–2.)

In fact, while Defendants are generally correct in their statement of the law, *see Williams*, 471 F.3d at 977, it is not clear that Plaintiffs' original complaint actually raised a federal question. "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 346 (9th Cir. 1996). At the time of filing, Plaintiffs' Complaint alleged that Defendants violated the provisions of "the California Fair Debt Collection Practices Act and/or the Federal Fair Debt Collection Practices Act." (Compl. ¶ 236.) As drafted, Plaintiffs' claim could be supported solely by the California Fair Debt Collection Practices Act. Hence, federal question jurisdiction would not exist.

However, even if federal question jurisdiction existed at the time of removal, it is clear that it no longer exists after amendment of the Complaint. Because the Court will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:16-cv-1032-JLS-KESxDate:  August 11, 2016
Title:  Rosario J. San Antonio, et al. v. Central Florida Investment, Inc., et al.

not exercise supplemental jurisdiction over Plaintiff's state law claims in the absence of diversity jurisdiction, the remaining question is whether Defendants have met their burden of proof as to diversity jurisdiction.  The Court concludes that they have not.

The FAC fails to demand a specific dollar amount, therefore, Defendants must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Kroske*, 432 F.3d at 980.  To prove the amount in controversy, Defendants attached a Declaration by John Willman, the Treasurer and Vice President of Mortgage Services for Defendant Westgate Resorts, Inc. and Westgate Resorts' related and affiliated entities.  (Willman Decl., Doc. 23-1.)  The Declaration, which includes a record of payments that Plaintiff Rosario J. San Antonio made to Defendants, calculates Plaintiff San Antonio's compensatory damages as $57,060.30.  (Willman Decl. at 1–2, Ex. 1, Doc. 23-1.)

To bring the total amount in controversy above $75,000, Defendants note that, in addition to actual damages, Plaintiffs' complaint seeks punitive damages and attorneys' fees.  (Opp. at 10.)  Defendants then assert that "[e]ven assuming a very conservative award of punitive damages," the amount in controversy would exceed the jurisdictional requirement.  (Opp. at 11.)  This is insufficient to satisfy Defendants' burden of proof.  All Defendants have done is point out that Plaintiffs have demanded punitive damages and attorneys' fees and assumed on that basis that the amount in controversy exceeds the jurisdictional amount.  Where, as here, the defendant fails to offer any evidence of the potential punitive damages or attorneys' fees, the amount in controversy requirement is not satisfied.  *See Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) (refusing to add attorneys' fees and punitive damages to the amount in controversy where the defendant failed to offer any evidence as to their amount).

Because there is no federal question remaining and Defendants have failed to satisfy their burden of proving the amount in controversy exceeds $75,000, the Court declines to exercise supplemental jurisdiction over the state law claims in this case.  *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense,

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:16-cv-1032-JLS-KESx | Date: August 11, 2016 |
| Title: Rosario J. San Antonio, et al. v. Central Florida Investment, Inc., et al. | |

the state claims should be dismissed as well.")). The Court therefore GRANTS the Motion to Remand.

On the other hand, the Court denies Plaintiffs' Request for Reasonable Costs. Defendants originally filed their Notice of Removal on the basis of federal question jurisdiction. (Notice of Removal at 2–4.) However, in light of Plaintiffs' unclear drafting of their claim, the Court concludes that Defendants had a reasonable basis for seeking removal and imposition of costs is not warranted. Therefore, the Court DENIES Plaintiffs' Request for Reasonable Costs.

## V.  CONCLUSION

For the foregoing reasons, the Motion to Remand is GRANTED and the Request for Reasonable Costs is DENIED. The Court therefore REMANDS this matter to the Superior Court of California in Orange County (30-2016-00845853-CU-CO-CJC) and VACATES all scheduled dates.

Initials of Preparer: tg